Gholson, J.
It has been held in the case of the Steamboat Ohio v. Stunt (10 Ohio St. 582), “that a'steamboat is not liable to seizure under the watercraft law of this state, for a willful assault and battery committed by the engineer of the boat on a passenger, while the boat was on its passage in the-Ohio river beyond the territorial limits of the State, with which trespass the owners of the boat were in no wise connected.” And, “ that it was not within the competency of the legislative power, upon grounds of public policy, to create-personal liabilities, and impose them on persons and property out of the jurisdiction of Ohio, and on account of transactions occurring beyond the territorial limits of the State.”' We are satisfied to abide by the principle decided in that case, and proceed to inquire as to its application to the present; a point contested by the defendant in error.
It is not intimated in that case, but the inference is excluded, that the principle of the case applies to the tortious acts of the officers and agents of the owners of boats, in matters within the scope of their employment or agency. It may be, notwithstanding anything decided in that case, that if the officer of a boat, in the conduct of the business of the boat, inflicts an injury upon the person of a passenger, the boat- *382 may be sued in this State, though, at the time the injury was inflicted, out of the territorial limits of the State.
The difficulty with the defendant in error is, that the record does not present the point which he asks us to decide.
The declaration charges an assault and battery by a named person, who is alleged at the time to have been clerk of the boat, but it is not charged or stated that the assault and battery was in any manner connected with the discharge of any of the duties of a clerk. The bill o"f exceptions states, that the evidence tended to prove the assault and battery fhus generally alleged. Now, assuming the law to be that the owners of a boat are not liable generally for assaults and batteries which are committed by a person who happens to be in their employment as clerk, but for those only which occur in the conduct of some matter within the scope of the employment, we think it more reasonable, that the allegation and proof of an assault and battery, for which the owners would be liable should come from the plaintiff. It is difficult to escape the conviction that the case was tried and disposed of without reference to any such distinction as to liability. In this view, the plaintiff in error was prejudiced by the refusal to charge, and by the charge given.
The evidence offered by the defendant in the action was competent, under the general issue of not guilty, as showing no liability.
The judgment must be reversed, and the case remanded for another trial, previous to which, if so advised, the plaintiff may properly have leave granted to amend his declaration.

Judgment reversed.

Scott, O.J., and Peck and Bbinkebhopp, JJ., concurred.